## Town of Charlotte *v.* Town of Colchester.

If a pauper, having no settlement in this state, become chargeable to the town in which he resides, and such town fraudulently, without an order of removal, procure him to remove to another town within this state, with intent that the latter town shall be burdened with his support, the remedy of the latter town is not by obtaining an order of removal of the pauper to the town from which he was thus fraudulently removed.

Appeal from an order of removal of one Sally Basette and her children, as paupers, from the town of Charlotte to the town of Colchester, made by two justices of the peace. The defendants pleaded, that the paupers were unduly removed, because the place of their last legal settlement was not in Colchester. The plaintiffs replied, that the paupers had no legal settlement within this state, but that they had resided in Colchester for about two years, and had become chargeable to that town, as paupers, and that the town, without any order of removal, fraudulently, and with intent that the plaintiffs should be burdened with the support of the paupers, removed, and aided and assisted in removing, the paupers from Colchester to Charlotte. To this replication the defendants demurred.

The county court adjudged the replication insufficient, and rendered judgment for the defendants. Exceptions by plaintiffs.

*A. Peck,* for defendants, insisted, that the case was not within the statute authorizing an order of removal, and that the plaintiffs had mistaken their remedy.

*Kasson & Buckley,* for plaintiffs, claimed, that the defendants should be concluded from alleging that the paupers were unduly removed, and cited *Masters v. Child,* 3 Salk. 66; *King v. Mattersey,* 4 B. & Ad. 211, [24 E. C. L. 49;] *Tewksbury v. Twining,* 2 Bott's Poor Laws 1, 2; 3 Burn's Justice, Tit. Poor; *Plymouth v. Windsor,* 7 Vt. 327; Noy 40, Maxim 33; Co. Lit. 208 *a.; Charlemont v. Conway,* 8 Pick. 411; *Newbury v. Harvard,* 6 Pick. 1; *Fort Ann v. Kingsbury,* 14 Johns. 365; *Hudson v. Taghkanack,* 13 Johns. 248; Greenl. Ev. § 210; *Combe v. Pitt,* 3 Burr. 1590; *Rigg v. Curgenvan,* 2 Wils. 395; *Rex v. Tamworth,* 2 Burr. Settlement Cas., No. 240.

Perry et al. *v.* Ward.

The opinion of the court was delivered by

BENNETT, J.    We think it is obvious, that the replication is insufficient.    The replication admits, that the paupers had no settlement in the town of Colchester.    The right of removal must depend upon settlement.    If the paupers have been fraudulently sent from Colchester to Charlotte, *with intent* to make the latter town chargeable, and thereby the paupers have been prevented from gaining a settlement in Colchester, redress, if any is to be obtained, must be sought in some other form of action.

The judgment of the county court is affirmed.